UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| In re: | : | Chapter 13 |
| --- | --- | --- |
| | : | |
| John Michael Plevyak, | : | Case No. 5:23-02307–MJC |
| | : | |
| Debtor. | : | |

# MEMORANDUM

In a continuing saga between a former employee and his employer that has been going on for over a decade in multiple courts and a multitude of bankruptcy cases, the matter now before the Court is confirmation of debtor John Michael Plevyak's ("Debtor") Second Amended Chapter 13 Plan ("Plan") and the Amended Objection to Confirmation of the Plan ("Objection") filed by Solar Innovations, Inc. ("Solar"). For the reasons stated below, confirmation of the Plan will be denied.

**I.    PROCEDURAL HISTORY**

The Debtor's extensive prior history of bankruptcy filings and the litigation with his former employer Solar is set forth in detail in this Court's Opinion issued in the Debtor's previous bankruptcy case ("Opinion"), which is incorporated herein and that history will be referenced here only where it is specifically relevant. *See In re Plevyak*, 2023 WL 2413624 (Bankr. M.D. Pa. 2023).[1] In the Opinion, the Court denied Solar's claim that its debt was non-dischargeable under

---

[1] The Debtor filed a Motion for Reconsideration which the Court denied on September 7, 2023. *See In re Plevyak*, 2023 WL 5813929 (Bankr. M.D. Pa. 2023).

11 U.S.C. §523(a)(6) but denied the Debtor a discharge under 11 U.S.C. §§727(a)(2)(B), (a)(3), (a)(4) and (a)(5).[2]

The Debtor filed the above-captioned Chapter 13 bankruptcy case on October 6, 2023. Shortly thereafter, the Debtor moved to extend the automatic stay pursuant to §362(c)(3)(B). *See* Dkt. # 15. The Debtor requested that the automatic stay be extended because he has sufficient income to fund a Chapter 13 plan and to resolve his financial difficulties. Solar objected and the Court denied the Motion because §362(c)(3)(B) did not apply since the prior case had not "dismissed" as required under §362(c)(3)(B). *See* Dkt. # 33.

Solar filed the only proof of claim in this case ("Claim"). *See* Claims Register, Claim No. 1. The Claim, in the amount of $1,182,361.31, is based upon a March 8, 2015 judgment entered in the Pennsylvania Court of Common Pleas, Schuylkill County. *See Id.*

On October 17, 2023, the Debtor filed his initial Chapter 13 Plan. Dkt. # 14. After a series of objections by Solar and the Chapter 13 Trustee ("Trustee"), the Debtor filed his Second Amended Plan ("Plan") on April 18, 2024. Dkt. # 48. On May 3, 2024, Solar filed an Objection and an Amended Objection to the Plan ("Objection"). Dkt. # 50, 51. The Trustee did not object.

On June 20, 2024, the Court held an evidentiary hearing on the Plan and Solar's Objection. The Debtor testified at the hearing and exhibits were admitted into evidence. After the hearing, the Court held a status conference and requested that Solar supplement the record regarding the Debtor's financial transactions that were contained within certain financial records admitted into

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. §101, *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37.

2

the record. Solar provided its Supplement on July 15, 2024, Dkt. # 59, and the Debtor responded on July 22, 2024, Dkt. # 60.

This matter is now ripe for decision.

## II. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and the Standing Order of Reference of the U.S. District Court for the Middle District of Pennsylvania dated March 11, 2016. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (L). Venue is proper pursuant to 28 U.S.C. §1409(a). This Opinion constitutes findings of fact and conclusions of law made under Federal Rule Bankruptcy Procedure 7052, which is made applicable to this contested matter [3] pursuant to Fed. R. Bankr. P. 9014(c).

## III. LEGAL STANDARD

Section 1325(a) governs confirmation of a Chapter 13 Plan, setting out specific requirements in order for a plan to be confirmed.

> To achieve confirmation, the court must find that the chapter 13 plan: was proposed in good faith; complies with the Code; is feasible; and provides certain baseline treatment for secured and unsecured creditors. Additionally, the Debtor must: have commenced the case in good faith, have paid any outstanding filing fees, have filed all tax returns required by section 1308; and be current on any postpetition domestic support obligations.

*In re Roebuck*, 618 B.R. 730, 732 (Bankr. W.D. Pa. 2020) (footnotes omitted). A party objecting to confirmation of the plan bears the initial burden to come forward with evidence in support of

---

[3] Rule 3015(f) provides that when an objection to confirmation is filed, the confirmation process is treated as a contested matter, governed by Rule 9014.

the objection. *In re Lafferty*, 2019 WL 10431875, at *3 (Bankr. M.D. Pa. 2019); *In re Plevyak*, 599 B.R. 786, 788 (Bankr. M.D. Pa. 2019).[4] If that burden is met, then the burden shifts to the debtor. As the proponent of the plan, the debtor holds the ultimate the burden of proof based upon a preponderance of the evidence to establish that the plan meets all of the §1325(a) requirements. *Id.*

IV. DISCUSSION

Solar's objections to the Plan are based upon §§1322(a)(1), 1325(a)(3), (4), and (7). In support of these objections, Solar alleges that:

1. §1322(a)(1) – The Debtor has not submitted all his disposable income to the Trustee as is required.

2. §1325(a)(4) – The value of the property to be distributed under the Debtor's Plan to his creditors is less than the amount that would be paid if the estate were liquidated under a Chapter 7 case.

3. §1325(a)(3) and (a)(7) - Because the Debtor failed to account for his prior financial misrepresentations and omissions and filed this case "just months after he was denied a discharge," the Plan and the Petition in this case were filed in bad faith.

The Debtor's Plan is not unusual. It provides for payments to the Trustee totaling $78,700 over a five-year period. The only unique item in the Plan is that the Debtor proposes a lump sum payment of $43,000 upon confirmation and smaller monthly payments throughout the Plan term.[5] The $43,000 payment will be made from funds the Debtor liquidated from his 401(k) retirement account pre-petition and that were garnished by Solar in September 2023.[6] *See* Dkt. # 3, at 3.

---

[4] In this 2019 Opinion, my predecessor Judge Robert Opel found that the Debtor's Fifth Amended Plan, in his 2016 case, did not meet the "best interests of creditors test" under §1325(a)(4) and sustained Solar and the Trustee's objections to confirmation.
[5] The monthly payments "step-up" from $450 per month in the first year to $700 per month in the last year.
[6] Solar's garnishment of the Debtor's bank accounts appears to have been the cause for this latest bankruptcy filing.

4

Case 5:23-bk-02307-MJC    Doc 61    Filed 09/06/24    Entered 09/06/24 13:46:29    Desc
Main Document      Page 4 of 6

The Debtor attached a Liquidation Analysis to his Plan that indicates a liquidation value of the bankruptcy estate of $78,327.11. This Analysis identifies the assets of the estate and corresponding values, less certain costs and the Debtor's allowed exemptions.

As the monthly payments under the Plan are to be funded by Debtor's income, the Court must also review the Schedules filed by the Debtor. On Schedule I, Debtor lists $2,429 of social security benefits and $11.08 of "Music Royalties" as his monthly income. *See* Dkt. #2. On Schedule J, Debtor lists $1,411.00 in total monthly expenses. Accordingly, Debtor's net monthly income is $1,029.08, which should presumably be available for payment to creditors.[7]

As indicated above, the Debtor's monthly income totals $2,440.08. As acknowledged by the Debtor, this amount is below the median income for an individual living in Pennsylvania. *See* Dkt. # 3. As set forth on Debtor's Form 122C-1, Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period, since Debtor is a "below median income debtor," disposable income is not determined under §1325(b)(3) and, pursuant to §1325(b)(4)(A)(i), the commitment period must be 3 years. *Id.*

Bankruptcy courts have an independent obligation to verify that a debtor meets all confirmation requirements under §1325(a) before confirming the plan and allowing the case to proceed. *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 277 n. 14 (2010) ("Section 1325(a) does more than codify this principle; it *requires* bankruptcy courts to address and correct a defect in a debtor's proposed plan even if no creditor raises the issue." (emphasis in original)). Although neither the Trustee nor any creditor raised this issue, pursuant to §1322(d)(2) (hanging paragraph), a below median income debtor cannot obtain a confirmed plan that proposes

---

[7] There is nothing in the record as to why the monthly Plan payments start at $450 per month instead of the $1,029.08 monthly net income set forth on the Debtor's Schedules.

payments for longer than thirty-six months unless the Court finds "cause" to approve a longer period. *See In re Kipps*, 2024 WL 2874366, at *3 (3d Cir. 2024) ("Under §1322(d)(2), the bankruptcy plan of a below median income debtor may not provide for payments over a period that is longer than 3 years, unless the court, for cause, approves a longer period." (cleaned up)).[8] Despite the clear language of §1322(d)(2), the Debtor never requested that the Court find "cause" to approve his plan extending beyond 36 months and there is nothing in the record to make a finding of "cause" as is required. Accordingly, as the Plan proposed by Debtor is not confirmable, the Court must deny confirmation.[9]

## V. CONCLUSION

For the reasons set forth above, the Court finds that the Debtor's Plan is not confirmable pursuant to §1322(d)(2). The Debtor will be given 14 days to file an amended plan and if he fails to do so, upon certification by the Trustee or any creditor, the case may be dismissed without further notice or opportunity for a hearing.

An appropriate order will be entered.

By the Court,

_____
Mark J. Conway, Bankruptcy Judge
Dated: September 6, 2024

---

[8] Counsel for the Debtor here is the same as debtor's counsel in *Kipps*.

[9] As set forth above, Solar has raised other serious "bad faith" arguments against confirmation of the Plan. Although these objections are substantial and are concerning to the Court, since the Court is unable to confirm the Plan under §1322(d)(2), the Court will exercise judicial restraint and refrain from addressing those objections unless and until the Debtor submits a proposed plan that meets the requirements of §1322(d)(2). *See PDK Labs., Inc. v. Drug Enforcement Admin.,* 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in judgment) ("if it is not necessary to decide more, it is necessary not to decide more …"); *also see Manning v. Upjohn Co.,* 862 F.2d 545, 547 (5th Cir. 1989) ("Principles of judicial restraint dictate that if resolution of an issue effectively disposes of a case, we should resolve the case on that basis without reaching any other issues that might be presented."); *In re Midway Games, Inc.,* 428 B.R. 327, 335 (Bankr. D. Del. 2010) (concept of judicial restraint compels court to decide only those issues necessary to grant effective relief).